UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEBORAH GEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| | ) | |
| LUTHERAN HEALTH NETWORK | ) | |
| d/b/a LUTHERAN HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Deborah Geary, a resident of New Haven, Indiana, Allen County, at all times material to this Complaint.

2. The Defendant is Lutheran Health Network d/b/a Lutheran Hospital, a company doing business in Allen County at 7950 West Jefferson Boulevard, Fort Wayne, IN 46804. At all material times to this complaint, the Defendant was an "employer" for the purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. §12111 *et seq.* ("ADA").

3. The Plaintiff filed a Charge of Discrimination on October 2, 2014, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A", (EEOC #470-2015-00069.) The EEOC issued its dismissal and Notice of Rights/ Notice of Suit Rights on April 17, 2015, a copy of which is attached hereto and made a part hereof as Exhibit "B". All administrative remedies have been

exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff is a qualified employee over the age of forty (40) who suffered from a disability/perceived disability/record of impairment while employed by the Defendant.

5. During her employment with the Defendant, Plaintiff suffered from Cirrhosis, diabetes, and chronic idiopathic thrombocytopenic purpura which intereferred with her daily life activities of sitting, walking, standing, and lifting. However, Plaintiff was able to perform the necessary functions of her job with the reasonable accomodation of utilizing a walker.

6. The Plaintiff was a long-term, hard-working employee of the Defendant until her wrongful termination on or about June 11, 2014. She began her employment on or around October 25, 1999, and was a customer service representative at the time of separation from employment. She performed within the reasonable expectations of her employer at all material times to this Complaint.

7. During the three months leading up to the separation from employment, the Plaintiff was hospitalized for approximately two months due to a serious health condition which had required her at times to walk with a walker, and adhere to certain work restrictions. She was entitled to utilize and did use FMLA leave to attend to the serious health condition, and suffered from a disability/perceived disability/record of impairment for the purposes of the ADA. The Plaintiff was in her early sixties at the time.

8. The Plaintiff was on medical leave from September 4, 2013 until on or about December 23, 2013. When the Plaintiff returned to work she discovered that her duties and responsibilities had been radically altered.

9. On or about June 11, 2014 the Plaintiff was called to a meeting with Human resources and accused of not meeting the Defendant's expectations. Plaintiff was terminated at the conclusion of the meeting.

10. By information and belief, the Plaintiff was replaced by a similarly situated individual that was under the age of forty (approximately 21 years old). Around the same time as the Plaintiff's termination, another employee who was in her sixties, was also terminated.

11. The Plaintiff contends that the proffered reason for termination was false and pretextual and that in reality the Defendant discriminated against and/or retaliated against her on the basis of her disability/perceived disability/record of impairment, and/or on the basis of her age (over forty), in violation of the Plaintiff's federally protected rights under the ADA and ADEA.

12. In the alternative, the Plaintiff contends that the Defendant discriminated against and/or retaliated against her for utilizing benefits she was entitled to receive under the FMLA.

13. On two different occasions, while visiting the Plaintiff in the hospital, Plaintiff's brother (also an employee of the Defendant) was told "maybe she (Plaintiff) should think about retiring now" and "off the record, the best thing would be for Plaintiff to retire and apply for disability."

3

14. Upon her return to work for the Defendant, Plaintiff was unable to perform the necessary function of walking without the assistance of a walker. With the assistance of her walker, Plaintiff was able to perform all of her work-related duties. However, Defendant perceived Plaintiff as disabled and discriminated and retaliated against her by treating her less-favorably than employees who did not suffer from a disability/perceived disability/record of impairment when they chastised Plaintiff for not moving fast enough and ultimately terminated her.

15. By information and belief, the Defendant also terminated other qualified employees that were over the age of forty around the same time period as the Plaintiff's separation from employment. The Defendant consequently had a higher rate of separations with employees over the age of forty than for those under the age of forty.

16. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related benefits including income, and also subjected her to inconvenience, emotional distress, and other damages and injuries.

17. The Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, ADEA, and FMLA. An imposition of punitive damages (where available), and/or liquidated damages (where available) is appropriate.

WHEREFORE, Plaintiff seeks a judgment against the Defendant, for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Rachel J. Guin-Lowry
Rachel J. Guin-Lowry, #31722-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
              rguin@myers-law.com
Attorneys for Plaintiff

IMS/tmc
S:\Geary, Deborah\Pleadings\Complaint 6.26.15.docx

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Deborah Geary
10906 Towath Ct.
New Haven, IN 46774

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2015-00069 | Frederick J. BruBaker, Supervisor | (317) 226-7350 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Webster N. Smith,
Director

APR 17 2015
*(Date Mailed)*

Enclosures(s)

cc: Sarah Jones
Employment Counsel
COMMUNITY HEALTH SYSTEMS
4000 Meridian Blvd.
Franklin, TN 37067

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun St. #400
Fort Wayne, IN 46802

EX "B"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | 470-2015-00069 |

and EEOC

**Equal Employment Opportunity Commission**

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Deborah Geary | 493-7031 | |
| Street Address | City, State and ZIP Code | |
| 10906 Towath Ct. | New Haven, Indiana 46774 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Lutheran Health Network d/b/a Lutheran Hospital | 15+ | |
| Street Address | City, State and ZIP Code | |
| 7950 West Jefferson Blvd | Fort Wayne, Indiana 46804 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: ??   Latest: June 11, 2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1) The Complainant is Deborah Geary, a qualified employee over the age of forty, and who had a disability/perceived disability/record of impairment at all material times to this charge. The complainant alleges that the respondent discriminated against and/or retaliated against her of the basis of her age (over 60) and/or disabilities/perceived disabilities/record of impairment in violation of her federally protected rights under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), and/or Americans with Disabilities Act 42 U.S.C. § 1211 et seq. "ADA".

2) The complainant was employed by respondent on or about October 25, 1999 her wrongful termination on or about June 11, 2014. She was a customer service representative at the time of separation from employment and had performed within the reasonable expectations of the employer at all material times to this charge.

3) The respondent is Lutheran Health Network d/b/a Lutheran Hospital a company doing business at 7950 West Jefferson Blvd, Fort Wayne, Indiana 46804. At all material times to this Charge the respondent was a "employer" for the purposes of the ADEA, ADA, (FMLA).

4) During the three months leading up to the separation from employment, she was hospitalized for approximately two months, for a serious medical condition constituting a disability/perceived disability/record of impairment under the ADA, and for which she was entitled to utilized FMLA leave. As a result of the serious medical condition the complainant had to use a walker and was on work restrictions.

5) Complainant went on medical leave from 9/4/13 to 12/23/14. Upon her return, she found that her job duties and responsibilities had been radically altered.

6) On or about June 11, 2014, the complaint was called into the Human Resources office and was told

Ex. "A"

that she allegedly was not meeting the respondent's expectations, and that she was terminated termination was approximately 6 moths after her return from medical leave. Around the same time, another co-worker of the complainant who was over the age of 60 was also terminated. By information and belief, the complainant was replaced by a similarly situated individual that was substantially younger (21 years old) then the complainant.

7) The complainant alleges the proffered reason for termination was false and pretextual, and in reality she was discriminated against and/or retaliated against on the basis of her age (over 40) and/or because she suffered from a disability/perceived disability/record or impairment and had asked for the reasonable accommodation of compliance with work restrictions, and necessary time off of work to attend to the serious medical condition/ disability. (in the alternative she alleges that she was discriminated against and/or retaliated against for asserting her rights under the FMLA).

8) The respondent's discriminatory and/or retaliatory conduct was the direct and proximate cause of the complainant suffering the loss of her job and job related benefits including income, and subjected her additionally to inconvenience, mental anguish, emotional distress, and other damages and injuries, entitling her to seek compensatory damages against the respondent.

9) The respondents discriminatory and/or retaliatory conduct further more was intentional, knowing, willful, wanton, and in reckless disregard of the complainant's federally protected rights under the ADEA, ADA (and/ or FMLA). The complainant is entitled to seek liquidated damages and/or punitive damages against the respondent.

"Continued on Page 2"

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/2/2014 — Deborah A. Geary
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
Deborah A. Geary

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
10/2/2014

NICOLE L ORCHARD
Notary Public- Seal
State of Indiana
My Commission Expires Dec 12, 2020

EEOC Form 5 (11/09)

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

2014 OCT -3  AM 6: 51
EEOC INDIANAPOLIS DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION RECEIVED

I want this charge filed with both the EEOC and the State or local Agency, if any. I will    NOTARY – When necessary for State and Local Agency Requirements